ERIC AMDURSKY (*pro hac vice* pending)
eamdursky@omm.com
DAVID MARROSO (*pro hac vice* pending)
dmarroso@omm.com
DAMALI A. TAYLOR (*pro hac vice* pending)
dtaylor@omm.com
FERNANDO ROJAS (*pro hac vice* pending)
frojas@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025-7019
Telephone: 650-473-2600

LEAH S. FREED, SBN 021332
leah.freed@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Esplanade Center III, Suite 800
2415 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: 602-778-3700

Attorneys for Defendant
Suns Legacy Partners, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Andrea Trischan,<br><br>           Plaintiff,<br><br>v.<br><br>Suns Legacy Partners, LLC,<br><br>           Defendant. | Case No. 2:24-cv-03184-DJH<br><br>**MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [F.R.C.P. 12(B)(6)]**<br><br>**Oral Argument Requested** |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. SUMMARY OF ALLEGATIONS ..................................................................................... 2

III. ARGUMENT ........................................................................................................................ 3

    A. Trischan's Second And Third Causes Of Action Under The ACRA Are Time-Barred By The One-Year Statute Of Limitations. ............................................................... 4

    B. Trischan's Fifth And Seventh Claims For Negligence Are Barred By The Exclusive Remedies Of Arizona Workers' Compensation Law............................................. 7

    C. Leave To Amend Should Be Denied As Futile. ...................................................... 11

IV. CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Burton v. Real Property Investment Services, Inc.*,
 No. CV-10-8081-PCT-LOA, 2010 WL 3000002 (D. Ariz. July 27, 2010) .............................. 10

*Camboni v. MGM Grand Hotel, LLC*,
 No. CV11-1784-PHX-DGC, 2012 WL 2915080 (D. Ariz. July 16, 2012) ............................. 12

*Cohen v. Arizona State Univ.*,
 No. CV-21-01178-PHX-GMS, 2022 WL 1747776 (D. Ariz. May 31, 2022) ................... 5, 6, 7

*Craig v. M & O Agencies, Inc.*,
 496 F.3d 1047 (9th Cir. 2007) ................................................................................................ 10

*Day v. LSI Corp.*,
 174 F. Supp. 3d 1130 (D. Ariz. 2016) ...................................................................................... 9

*Doria v. Yelp Inc.*,
 No. CV-23-08112-PCT-SMB, 2024 WL 1740015 (D. Ariz. Apr. 22, 2024) ............................ 4

*Eichenberger v. Falcon Air Express Inc.*,
 No. CV-14-00168-PHX-DGC, 2014 WL 3819355 (D. Ariz. Aug. 4, 2014) ............................. 9

*Enriquez v. Gemini Motor Transp. LP*,
 No. CV-19-04759-PHX-GMS, 2021 WL 5908208 (D. Ariz. Dec. 14, 2021) ........................... 7

*Ford v. Revlon, Inc.*,
 153 Ariz. 38 (1987) .................................................................................................................. 9

*Gamez v. Brush Wellman, Inc.*,
 201 Ariz. 266 (Ariz. App. 2011) .............................................................................................. 8

*Gordon Grado M.D., Inc. v. Phoenix Cancer & Blood Disorder Treatment Institute PLLC*,
 603 F. Supp. 3d 799 (D. Ariz. 2022) ........................................................................................ 4

*Grammatico v. Industrial Comm'n*,
 211 Ariz. 67 (2005) .................................................................................................................. 8

*Irvin Investors v. Superior Court*,
 166 Ariz. 113 (Ariz. App. 1990) ............................................................................................ 11

*Jablon v. Dean Witter & Co.*,
 614 F.2d 677 (9th Cir. 1980) .................................................................................................... 4

*Macias v. Kaplan-Siekmann*,
 No. CV-22-00280-PHX-SPL, 2024 WL 83448 (D. Ariz. Jan. 8, 2024) ............................ 11, 12

*McElmurry v. Arizona Dept. of Agriculture*,
 No. CV-12-02234-PHX-GMS, 2013 WL 2562525 (D. Ariz. June 11, 2013) ....................... 5, 7

*Miller v. Rykoff-Sexton, Inc.*,
 845 F.2d 209 (9th Cir. 1988) .................................................................................................. 12

# TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Mosakowski v. PSS World Medical, Inc.*,
   329 F. Supp. 2d 1112 (D. Ariz. 2003) ............................................................. 10, 11

*Saul v. United States*,
   928 F.2d 829 (9th Cir. 1991) ............................................................................. 11, 12

*Smith v. Johnson*,
   No. C 11–4823 MMC, 2012 WL 1438898 (N.D. Cal. Apr. 25, 2012) ..................... 7

*Stoecker v. Brush Wellman, Inc.*,
   194 Ariz. 448 (1999) ................................................................................................ 9

*Strand v. John C. Lincoln Health Network, Inc.*,
   No. CV-10-02112-PHX-NVW, 2011 WL 1253408 (D. Ariz. Mar. 31, 2011) .......... 5

*Thorp v. Home Health Agency—Arizona, Inc.*,
   941 F. Supp. 2d 1138 (D. Ariz. 2013) .................................................................. 4, 10

*Wagner v. State*,
   242 Ariz. 95 (2017) .................................................................................................. 8

*Wood v. Univ. Physicians Healthcare*,
   No. CV-13-00063-PHX-JAT, 2014 WL 3721207 (D. Ariz. July 28, 2014) ............. 6

**Statutes**

42 U.S.C. § 2000e-5(f)(1) ............................................................................................ 7

Ariz. Rev. Stat. § 23-1022 ........................................................................................... 8

Ariz. Rev. Stat. § 41-1481(A) ..................................................................................... 4

Ariz. Rev. Stat. § 41-1481(D) .............................................................................. 4, 5, 6

**Rules**

Fed. R. Civ. P. 15(a)(2) ............................................................................................. 11

Fed.R.Civ.P. § 12(b)(6) ............................................................................................... 4

I.  **INTRODUCTION**

Defendant Suns Legacy Partners, LLC ("SLP") brings this Rule 12(b)(6) motion to dismiss four state-law claims alleged by plaintiff Andrea Trischan ("Trischan") in her First Amended Complaint ("FAC"), all of which fail as a matter of law. The crux of this employment-law case is Trischan's federal claims under Title VII and 42 U.S.C. § 1981. While those claims are entirely specious, SLP does not move to dismiss those claims at this time, and instead looks forward to refuting them on the merits as this case progresses. But Trischan's attempt to duplicate those claims under a variety of state-law theories is barred by settled law, and four of her inapplicable claims can and should be dismissed now.

Trischan's second and third causes of action under the Arizona Civil Rights Act ("ACRA") should be dismissed because they are time-barred by the statute of limitations. Before filing suit under the ACRA, a plaintiff must first file an administrative complaint, which Trischan did. After filing an administrative complaint, a plaintiff has *at most* one year in which to file a complaint in court. Trischan failed to file a complaint within that one-year period. On the face of her FAC, Trischan's claims under the ACRA are untimely and therefore must be dismissed.

Trischan's fifth and seventh causes of action for negligent infliction of emotional distress ("NIED") and negligent hiring, retention, and supervision ("Negligent Hiring") fare no better. They are barred by the exclusive remedies provision of Arizona's workers' compensation law and should therefore be dismissed. It is well-settled under Arizona law that claims by employees sounding in negligence can only be pursued through a workers' compensation claim. This rule specifically applies to claims for NIED and Negligent Hiring. Thus, Trischan's NIED and Negligent Hiring fail as a matter of law.

These legal defects with Trischan's FAC cannot be cured by amendment. There is no set of facts that Trischan could allege to resurrect her time-barred claims or to pursue her negligence claims outside of the workers' compensation system. Accordingly, SLP respectfully requests that the Court grant this Motion and dismiss Trischan's second, third, fifth, and seventh causes of action without leave to amend.

1 | **II.** **SUMMARY OF ALLEGATIONS**

The following allegations are taken from Trischan's FAC and are assumed to be true solely for purposes of this Motion.

"[Defendant] is a professional basketball team in the National Basketball Association ('NBA') in the metropolitan Arizona area." (FAC ¶ 9.) In short, SLP operates the Phoenix Suns. SLP hired plaintiff Trischan in late-2022 as "Program Manager of Diversity, Equity, and Inclusion ['DEI']." (*Id.* ¶ 18.) SLP terminated Trischan's employment ten months later in 2023 as a result of her poor performance. (*Id.* ¶¶ 31-33.) While SLP is not permitted to introduce factual evidence on a motion to dismiss regarding their actual reasons for terminating Trischan's employment, even Plaintiff's FAC acknowledged that SLP placed Trischan on a Performance Improvement Plan ("PIP") in 2023 and subsequently terminated her employment based on her performance, including her failure to create an inclusive culture in her capacity as Program Manager for DEI. (*Id.* ¶¶ 32-33.)

In the FAC, Trischan challenges the termination of her employment, under a variety of theories, in seven causes of action: (1) retaliation in violation of Section 1981; (2) violation of Arizona Law Against Discrimination; (3) retaliation in violation of the Arizona Law Against Discrimination; (4) racial discrimination, disparate treatment, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964; (5) negligent infliction of emotional distress; (6) intentional infliction of emotional distress; and (7) negligent hiring, retention, and supervision. This Motion seeks to dismiss the second, third, fifth and seventh causes of action.

The second and third causes of action are precluded as a matter of law by the statute of limitations. The facts relevant to the statute of limitations are pled on the face of the FAC. Specifically, Trischan alleges that she "filed discrimination complaints with the U.S. Equal Employment Opportunity Commission (EEOC) and the Arizona Attorney General's office in July and August 2023." (*Id.* ¶ 34.) Trischan filed her original Complaint in this action on November 14, 2024, and she filed her FAC on November 27, 2024. Thus, more

than a year passed between the filing of Trischan's administrative charges and her filing of this action.[1]

The fifth and seventh causes of action also fail to state a claim as a matter of law, since workers' compensation is the exclusive remedy for such allegations. Trischan alleges that she was employed by SLP in Arizona at all times relevant to her claims. (*Id.* ¶ 8: "At all times, Plaintiff is and has been a resident of the State of Arizona and met the definition of an 'employee' under all applicable statutes.") In her fifth cause of action, Trischan alleges that "Defendant knew or reasonably should have known that Plaintiff was being subjected to racial harassment, discrimination, and retaliation" and that it "failed to take reasonable action to prevent the racially hostile and discriminatory conduct." (*Id.* ¶¶ 100-01.) In her seventh cause of action, Trischan alleges that "Defendant hired and retained employees" who allegedly "demonstrated propensities for engaging in racially discriminatory and hostile conduct." (*Id.* ¶ 112.) Trischan alleges that "Defendant was aware, or should have been aware of these individual's behavior through prior complaints and reports from employees, yet it failed to act." (*Id.* ¶ 113.)

Because all of these allegations fail to state a claim, SLP met and conferred with Trischan's counsel on December 17, 2024 regarding the filing of this Motion. The following day, Trischan's counsel confirmed in writing "that I do not intend to amend any portion of the First Amended Complaint." Accordingly, SLP brings this Motion to Dismiss.

**III.   ARGUMENT**

FRCP 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted." "The Court may dismiss a complaint for failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P., for two reasons: 1) lack of a cognizable legal theory, or 2)

---

[1] Although not pled in the Complaint, SLP notes for the sake of transparency that Trischan also filed an EEOC charge on November 13, 2023. It is not necessary to consider this additional, unpled fact for purposes of this Motion, and the arguments of the Motion do not depend upon it. However, even if Trischan had alleged this fact in her FAC, her claims under the ACRA would still be time-barred because she did not file her complaint in this action within one year of November 13, 2023. Thus, the unpled November 13, 2023 EEOC charge is wholly irrelevant.

- 3 -

1  insufficient facts alleged under a cognizable legal theory." *Thorp v. Home Health Agency—*
2  *Arizona, Inc.*, 941 F. Supp. 2d 1138, 1139 (D. Ariz. 2013).  "A statute of limitations defense
3  may be raised by a motion to dismiss if the running of the statute is apparent on the face of
4  the complaint." *Gordon Grado M.D., Inc. v. Phoenix Cancer & Blood Disorder Treatment*
5  *Institute PLLC*, 603 F. Supp. 3d 799, 817 (D. Ariz. 2022) (citing *Jablon v. Dean Witter &*
6  *Co.*, 614 F.2d 677, 682 (9th Cir. 1980)); *see also Doria v. Yelp Inc.*, No. CV-23-08112-
7  PCT-SMB, 2024 WL 1740015, at *4 (D. Ariz. Apr. 22, 2024) ("An untimely claim is not
8  cognizable, and therefore it must be dismissed under Rule 12(b)(6).").

      **A.**    **Trischan's Second And Third Causes Of Action Under The ACRA Are Time-Barred By The One-Year Statute Of Limitations.**

11  Trischan's second and third causes of action allege discrimination and retaliation,
12  respectively, under the ACRA.  (FAC ¶¶ 73, 77.)  The ACRA requires such claims to be
13  brought, if at all, within a one-year statute of limitations. *See* Ariz. Rev. Stat. § 41-1481(D).
14  Trischan failed to bring her claims within the statute of limitations, so they fail as a matter
15  of law.
16  Before filing suit, the ACRA first requires plaintiffs to exhaust their administrative
17  remedies by filing an administrative complaint with the Arizona Civil Rights Division
18  ("ACRD") or the United States Equal Employment Opportunity Commission ("EEOC")
19  within 180 days after the alleged unlawful employment practice. *See id* § 41-1481(A).  The
20  statute of limitations then runs for a maximum of one year from the date on which the
21  plaintiff filed the administrative complaint. *See id.* § 41-1481(D) ("In no event shall any
22  action be brought pursuant to this article more than one year after the charge to which the
23  action relates has been filed.").
24  Trischan alleges that she filed administrative charges with the EEOC and the ACRD
25  in July and August 2023.  (FAC ¶ 34.)  While the FAC does not give a precise date for the
26  filings, its allegations regarding the months of the filings are specific enough to determine
27  that the one-year statute of limitations expired, at the latest, at the end of August 2024.
28  Trischan filed her original Complaint on November 14, 2024, and her FAC on November

27, 2024. Both filings are after the expiration of the one-year statute of limitations, so Trischan's claims are time-barred.[2]

Courts applying Arizona law consistently hold that claims under the ACRA that are brought more than one year after the filing of the administrative charge are time-barred by the statute of limitations as a matter of law. For example, in *Strand v. John C. Lincoln Health Network, Inc.*, No. CV-10-02112-PHX-NVW, 2011 WL 1253408 (D. Ariz. Mar. 31, 2011), the defendant filed a Rule 12(b)(6) motion to dismiss the plaintiff's ACRA claims where "Strand filed with the Civil Rights Division on January 13, 2009" but "did not bring suit until August 9, 2010." The court explained that the "ACRA requires parties to file suit within one year of filing a discrimination charge with the Civil Rights Division." *Id.* at *2 (citing A.R.S. § 41-1481(D)). The court held: "Her ACRA claim must therefore be dismissed **without leave to amend**." *Id.* (emphasis added); *see also Cohen v. Arizona State Univ.*, No. CV-21-01178-PHX-GMS, 2022 WL 1747776, at *4 (D. Ariz. May 31, 2022) (granting Rule 12(b)(6) motion in relevant part and dismissing ACRA claims because plaintiff filed his complaint more than one year after the filing of his administrative charge with the ACRD); *McElmurry v. Arizona Dept. of Agriculture*, No. CV-12-02234-PHX-GMS, 2013 WL 2562525, at *3 (D. Ariz. June 11, 2013) (same).

Trischan does not allege that her ACRA claims are timely under Ariz. Rev. Stat. § 41-1481—nor could she. Trischan does allege that "[o]n November 14, 2024, the EEOC issued the Notice of Right to Sue letter, granting Plaintiff the opportunity to pursue their case in federal court." (FAC ¶ 6.) But if Trischan means to argue that the date of the EEOC notice somehow extends the deadline for her to assert her state-law claims, that is not the law. A.R.S. § 41-1481 expressly ties the statute of limitations to the date that plaintiff *filed* the administrative charge—not the date on which the investigating agency closes it: "***In no event*** shall any action be brought pursuant to this article more than one year after the charge

---

[2] As noted in footnote 1, *supra*, Trischan also filed a charge with the EEOC on November 13, 2023. Even if that unpled fact could somehow reset the running of the statute of limitations from the July and August filings, she still would have only until November 13, 2024, at the latest, and she did not file any complaint by that date.

- 5 -

to which the action relates has been filed." (Emphasis added.)

Courts applying the plain language of Section 41-1481 consistently hold that it means what it says: there is "no event" in which a plaintiff may bring an action more than one year after filing an administrative charge. That categorical rule specifically applies to the event that Trischan pleads—that the EEOC issued its notice being after expiration of the one-year period. For example, in *Wood v. Univ. Physicians Healthcare*, No. CV-13-00063-PHX-JAT, 2014 WL 3721207, at *13 (D. Ariz. July 28, 2014), the court dismissed the plaintiff's ACRA claims because she failed to bring suit within one year of the filing of her administrative charge, notwithstanding the fact that (like here) the EEOC did not issue its notice within that one-year period. The court explained: "Even when the EEOC investigation extends close-to or longer-than one year, this Court has strictly interpreted the language of this statute as setting **an absolute maximum amount of time** to file suit and have not applied equitable tolling to the ACRA claims." *Id.* (emphasis added).

Similarly, in dismissing ACRA charges brought more than one year after the filing of his administrative charge, *Cohen* specifically rejected the plaintiff's attempt to rely on the timing of the EEOC's notice to somehow extend the statute of limitations. 2022 WL 1747776, at *4. The court explained that: "As to the ACRA, its indication that '*[i]n no event* shall any action be brought pursuant to this article more than one year after the charge to which the action relates has been filed,' appears to foreclose any tolling." *Id.* (emphasis in original, quoting Ariz. Rev. State. § 41-1481(D)).

Notably, *Cohen* further explains that there are no equitable grounds to toll the statute of limitations in such circumstances because a plaintiff can avoid untimely action by the EEOC—and a plaintiff who obtains an untimely notice does so only by **sleeping on his or her rights**. "Under federal law, Plaintiff could have requested his notice of right to sue from the EEOC after his charge had been pending 180 days." *Id.* at *5 (citing 42 U.S.C. § 2000e-5(f)(1) and *Smith v. Johnson*, No. C 11–4823 MMC, 2012 WL 1438898, at *2 (N.D. Cal. Apr. 25, 2012) ("Before filing a complaint under Title VII, a plaintiff ordinarily files a charge with the [EEOC] and, if ... the EEOC fails to so act on the charge within 180 days,

- 6 -

the plaintiff may file suit without such letter.")); *see also Enriquez v. Gemini Motor Transp. LP*, No. CV-19-04759-PHX-GMS, 2021 WL 5908208, at *7 (D. Ariz. Dec. 14, 2021) (holding that plaintiff's ACRA claim was time-barred because of failure to assert it within one year of filing his administrative complaint where "[a]lthough Plaintiff may not have received his notice of right to sue until [more than one year after filing his administrative complaint], Plaintiff could have requested the notice from the Equal Employment Opportunity Commission ('EEOC') after his charge had been pending 180 days. Plaintiff has offered no justification for his failure to do so.").

Trischan is represented by counsel and is cognizant of her ability to bring suit six months after filing her administrative charge, specifically alleging in her FAC that "[m]ore than 180 [days] have elapsed since Plaintiff filed her charge. Plaintiff has exhausted all administrative prerequisites to filing suit in this Court." (FAC ¶ 7.) Quite so. Trischan could have filed a complaint at any time within 180 days and one year after the date she filed her administrative charge(s) in July or August of 2023. She failed to do so. When the EEOC sent her notice is irrelevant. Plaintiff slept on her rights and failed to file a lawsuit alleging claims under the ACRA within one year of the filing of her administrative charge. Thus, her ACRA claims are time-barred and must be dismissed. *See, e.g., McElmurry*, 2013 WL 2562525, at *3 (granting motion to dismiss time-barred ACRA claim even though "[i]t is not clear when McElmurry actually received her Notice from the Civil Rights Division" because it did not matter: "it is clear that she filed her charge of discrimination with the Civil Rights Division on January 14, 2011. That meant she had to file any lawsuit no later than January 14, 2012.") (footnote and citation omitted).

**B. Trischan's Fifth And Seventh Claims For Negligence Are Barred By The Exclusive Remedies Of Arizona Workers' Compensation Law.**

Trischan's attempts to salvage her statutory state-law claims, which are time-barred, by recharacterizing the same factual allegations of harassment, discrimination, and retaliation as common-law tort claims for NIED and Negligent Hiring. These allegations fail as a matter of law. In the employment context, workers' compensation is the exclusive

1  remedy for allegations of negligence—specifically including claims for NIED and
2  Negligent Hiring. Accordingly, courts consistently dismiss employees' NIED and
3  Negligent Hiring claims, like those here, as a matter of law.

4  "It is well settled that work-related injury claims are generally redressed exclusively
5  under Arizona's workers' compensation scheme." *Gamez v. Brush Wellman, Inc.*, 201 Ariz.
6  266, 269 (Ariz. App. 2011) (citing A.R.S. § 23-1022). Workers' compensation provides
7  the exclusive remedy for accidental injuries even if—or perhaps especially if—the
8  defendant's conduct was negligent. *See, e.g., Wagner v. State*, 242 Ariz. 95, 97 (2017) ("the
9  workers' compensation system is the exclusive remedy for that employee to recover
10 damages resulting from his or her employer's negligence"). Indeed, the workers'
11 compensation system was created for the specific purpose of remedying the inadequacy of
12 common law negligence claims in the employment context. *See Grammatico v. Industrial
13 Comm'n*, 211 Ariz. 67, 70 (2005) (previously "employees injured by their employers'
14 negligence could bring common law tort actions against them. But success with such
15 actions was rare because not only did employees have to show that the employers were
16 negligent and that that negligence had caused the injuries, but also because such actions
17 were restricted further by the unholy trinity of common law defenses—contributory
18 negligence, assumption of risk, and the fellow servant rule.") (citations and internal
19 quotation marks omitted). It would undermine this central purpose of the workers'
20 compensation system to exclude negligence claims from it. "The underlying principle of
21 the compensation system is a trade of tort rights for an expeditious, no-fault method by
22 which an employee can receive compensation for accidental injuries sustained in work-
23 related accidents." *Stoecker v. Brush Wellman, Inc.*, 194 Ariz. 448, 451 (1999).

24 Applying this general rule that workers' compensation is the exclusive remedy for
25 employees' claims for negligence, courts consistently hold that Arizona's workers'
26 compensation law bars the two specific types of negligence claims that Trischan alleges
27 here: NIED and Negligent Hiring.

28 *NIED*. "Because Plaintiff's claim of NIED alleges that she was injured as a result of

- 8 -

1  Defendant's negligent workplace conduct, the claim is barred by Arizona's workers'
2  compensation scheme…" *Eichenberger v. Falcon Air Express Inc.*, No. CV-14-00168-
3  PHX-DGC, 2014 WL 3819355, at *5 (D. Ariz. Aug. 4, 2014).  In *Eichenberger*, the plaintiff
4  was a flight attendant who alleged that she was sexually harassed by her supervisor, that
5  "she had been treated unfairly as a result of her rejection of [his] sexual advances," and that
6  the termination of her employment constituted discrimination and retaliation.  *Id.* at *1-2.
7  The defendant filed a Rule 12(b)(6) motion to dismiss the plaintiff's NIED claim, arguing
8  "that Plaintiff's NIED claim fails as a matter of law because the Arizona workers'
9  compensation system provides the exclusive remedy for her alleged injuries."  *Id.* at *4.
10 The district court agreed.  "The workers' compensation statute provides the exclusive
11 remedy for injuries sustained by an employee against the employer or a co-employee acting
12 within the scope of his or her employment."  *Id.*  "Injuries caused by an employer's
13 negligence fall under this exclusive remedies provision."  *Id.*  Thus, the court granted the
14 motion to dismiss.  "The Court concludes that Plaintiff's NIED claim fails as a matter of
15 law."  *Id.* at *5; *see also Day v. LSI Corp.*, 174 F. Supp. 3d 1130, 1159 (D. Ariz. 2016) ("As
16 to Day's claim of negligent infliction of emotional distress, Arizona law provides, with
17 certain exceptions, that workers' compensation is the exclusive remedy for negligence
18 claims against employers.").[3]

19 *Negligent Hiring*.  "[B]ecause Plaintiff's … Cause of Action alleges that
20 [Defendant's] negligent hiring, supervising and retaining caused Plaintiffs' injuries in the
21 workplace, such claims are barred by Arizona's workers' compensation scheme."  *Burton*

---

[3] Unlike claims for NIED, claims for intentional infliction of emotional distress ("IIED") are not barred by workers' compensation exclusivity because such claims are based on *intentional* rather than *negligent* conduct.  *See Ford v. Revlon, Inc.*, 153 Ariz. 38, 44 (1987). Accordingly, this Motion does not seek to dismiss Trischan's sixth cause of action for IIED, and SLP will address that claim at summary judgment.  As the courts have held, however, the availability of an IIED claim cannot save claims sounding in negligence. *See, e.g., Mosakowski v. PSS World Medical, Inc.*, 329 F. Supp. 2d 1112, 1131 (D. Ariz. 2003) ("The cases may be reconciled to stand for the proposition that a negligence claim is precluded by the workers compensation statutes while a claim for intentional infliction of emotional distress is not precluded.").

*v. Real Property Investment Services, Inc.*, No. CV-10-8081-PCT-LOA, 2010 WL 3000002, at *5 (D. Ariz. July 27, 2010). In *Burton*, the plaintiffs were a housekeeper and maintenance technician for a residential apartment company who alleged sexual and racial harassment, as well as reduction in pay and wrongful termination of employment. The defendant filed a Rule 12(b)(6) motion to dismiss the plaintiffs' Negligent Hiring claim, arguing that it "is barred by Arizona's workers' compensation scheme and must be dismissed because Arizona's statutory and case law provide that Plaintiffs' exclusive remedy for this claim is Arizona's workers' compensation scheme." *Id.* at *2 (cleaned up). The district court agreed. "Assuming the factual allegations in the Complaint are true and drawing all reasonable inferences in Plaintiffs' favor under either a Rule 12(b)(1) or a Rule 12(b)(6) analysis, Defendant's Motion is well taken and will be granted." *Id.* at *4. As the decision notes, there are "several Arizona and District of Arizona cases that preclude an employee from bringing a tort action based on negligent workplace conduct, including negligent hiring, supervising and retaining." *Id.* at *2 (citations and internal quotation marks omitted); *see also Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1060 (9th Cir. 2007) ("Craig next asserts two related claims: negligent investigation and negligent hiring, supervision and retention of Byrd…. these claims are barred by Arizona law by the remedy of workers compensation"); *Thorp*, 941 F. Supp. 2d at 1143 ("Arizona does not recognize a claim by an employee against an employer for negligent hiring, retention, or supervision. Claims for negligent hiring, retention or supervision are precluded by the exclusive remedy of the Arizona workers' compensation statute.") (citations omitted); *Mosakowski*, 329 F. Supp. 2d at 1131 ("Arizona law precludes an employee from bringing a tort action based on negligent hiring and negligent retention against their employer"); *Irvin Investors v. Superior Court*, 166 Ariz. 113, 115 (Ariz. App. 1990) (holding, with respect to claim for negligent hiring, supervision, and retention, that "workers' compensation is the only remedy for this injury").

Trischan's claims for NIED and Negligent Hiring are just like the ones in these decisions, which courts have consistently held fail as a matter of law. Her fifth claim for

NIED alleges that "Defendant knew or reasonably should have known that plaintiff was being subjected to racial harassment, discrimination, and retaliation" and that its failure "to prevent this behavior created a foreseeable risk of serious emotional distress." (Compl. ¶ 100.) Her seventh claim for Negligent Hiring alleges that "Defendant negligently hired and retained employees … who demonstrated propensities for engaging in racially discriminatory and hostile conduct." (*Id.* ¶ 112.) Both claims are expressly based on allegations of negligence. Indeed, claims for NIED and Negligent Hiring are inherently based on allegations of negligence—the word "negligent" is right in the title of the claims. Based on well-settled caselaw holding that workers' compensation is the exclusive remedy for employees' claims of negligence—including claims for NIED and Negligent Hiring—Trischan's fifth and seventh causes of action should be dismissed.

### C.     Leave To Amend Should Be Denied As Futile.

"Leave to amend a deficient complaint should be freely given 'when justice so requires.' Leave to amend may be denied, however, where amendment would be futile." *Macias v. Kaplan-Siekmann*, No. CV-22-00280-PHX-SPL, 2024 WL 83448, at *6 (D. Ariz. Jan. 8, 2024) (quoting Fed. R. Civ. P. 15(a)(2) and citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)). In *Macias*, the plaintiffs alleged violations of 42 U.S.C. § 1983 and claims for IIED. The court held that two plaintiffs' "§ 1983 and IIED claims are barred by the statute of limitations, and all Plaintiffs fail to state a claim for IIED." *Id.* The court dismissed the claims and denied leave to amend, explaining "that amendment would be futile. The statute of limitations defects cannot be cured, nor can the IIED claim." *Id.*; *see also Camboni v. MGM Grand Hotel, LLC*, No. CV11-1784-PHX-DGC, 2012 WL 2915080, at *6 (D. Ariz. July 16, 2012) (dismissing FAC with prejudice where leave to amend would be futile because of the statute of limitations and the lack of a viable claim) (citing *Saul*, 928 F.2d at 843 ("A district court does not err in denying leave to amend where the amendment would be futile, . . . or where the amended complaint would be subject to dismissal."); *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.")).

The result should be the same here. Just like in *Macias* and *Camboni*, Trischan's statute of limitations defects cannot be cured. Trischan has pled that she exhausted her administrative remedies, which started the running of the statute of limitations, more than a year before the filing of her complaint. Thus, there is no set of facts that Trischan could plead to make her ACRA claims timely. Similarly, Trischan's allegations of NIED and Negligent Hiring fail as a matter of law because such claims are barred by the exclusive remedies of Arizona's workers' compensation law. That is a purely legal issue, and there is no set of facts that Trischan could plead to avoid it. Accordingly, the Court should conclude that amendment would be futile and deny leave to amend.

## IV.   CONCLUSION

For all of the foregoing reasons, defendant Suns Legacy Partners, LLC respectfully requests that the Court dismiss with prejudice the second, third, fifth, and seventh causes of action pled in plaintiff Andrea Trischan's FAC.

RESPECTFULLY SUBMITTED this 10th day of January 2025.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Leah S. Freed
Leah S. Freed
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ  85016

O'MELVENY & MYERS LLP

/s/ Eric Amdursky
Eric Amdursky
David Marroso
Damali A. Taylor
Fernando Rojas
2765 Sand Hill Road
Menlo Park, CA 94025

*Attorneys for Defendant Suns Legacy Partners, LLC*