SHEREE D. WRIGHT
Senior Counsel
IBF Law Group, PLLC
3101 N. Central Ave, Suite 1250
Phoenix, Arizona 85012
Telephone: (602) 833-1110
Facsimile: (602) 800-5701
e-Mail: sheree@ibflaw.com
SBN# NM 151522
SNB# AZ 035265

Cortney E. Walters (*admitted pro hac vice*)
The Law Office of Cortney E. Walters, PLLC
2719 Hollywood Blvd., Suite A-1969
Hollywood, FL 33020
Telephone: (954) 874-8022
Facsimile: (954) 889-3747
cwalters@cewlawoffice.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF ARIZONA

| | |
|---|---|
| Andrea Trischan, an individual<br><br>Plaintiff,<br><br>vs.<br><br>Suns Legacy Partners, LLC, an Arizona Limited Liability Company<br><br>Defendant, | Case No.: 2:24-cv-03184-SHD<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |

Plaintiff Andrea Trischan ("Plaintiff") respectfully submits this opposition to Defendant's Motion for Entry of Protective Order (Doc. 34). While Plaintiff does not object to the entry of a protective order per se, Plaintiff objects to the entry of the specific form proposed by Defendant for the following reasons:

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

## I. INTRODUCTION

Defendant's motion rests on the flawed premise that Plaintiff seeks to derail discovery or litigate the case in the media. In reality, Plaintiff seeks a protective order that balances the parties' legitimate confidentiality interests with the public's right to access information, particularly in a civil rights and employment discrimination case. Plaintiff's proposed revisions reflect well-established legal principles regarding overdesignation, burden shifting, and the inappropriate use of confidentiality orders to shield misconduct.

Contrary to Defendant's assertions, Plaintiff has not rejected the Court's standard form out of hand. Rather, the plaintiff proposed narrow, good-faith edits to address legitimate concerns about overdesignation and ensure that the protective order complies with Federal Rule of Civil Procedure 26(c) and relevant Ninth Circuit precedent.

Defendant's motion reads less like a good-faith effort to safeguard truly sensitive matters or private information, and more like an attempt to preempt reputational fallout.

## II. PLAINTIFF'S PROPOSED REVISIONS ARE LEGALLY SOUND AND NECESSARY

### A. Courts Have Repeatedly Cautioned Against Overbroad Confidentiality Designations

Under Rule 26(c), a party seeking protection must show "good cause" to justify confidentiality designations. Courts routinely reject protective orders that allow parties to unilaterally label material "confidential" without a clear showing of potential harm. *See*

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003) ("A party seeking a protective order…bears the burden of showing specific prejudice or harm.")

Plaintiff's proposed revisions are narrowly tailored to prevent misuse of the protective order as a blanket shield against embarrassment or potential liability, especially in a case alleging systemic discrimination and retaliation.

### B. Plaintiff's Suggested Language Does Not "Grind Discovery to a Halt"

Plaintiff's edits do not restrict Defendant's ability to designate documents as confidential, they merely require Defendant to articulate a valid, legal basis for doing so. Far from derailing discovery, these revisions promote clarity and fairness by discouraging overdesignation and ensuring that any confidentiality claims are based on "good cause," not convenience. The edits also preserve the Court's role as the final arbiter of what qualifies for protection under 26(c). In contrast, Defendant's proposal would allow it to unilaterally restrict the dissemination of discovery materials.

### C. Defendant's Proposed Order Improperly Seeks to Silence Allegations of Retaliation and Limit Transparency

Plaintiff alleges that Defendant retaliated and fabricated performance concerns after she engaged in protected DEI advocacy, and that it misled government agencies, including the Arizona Attorney General's Office, to avoid accountability and cover up misconduct.

Defendant now seeks a protective order that could be used to seal or retroactively suppress documents already discussed publicly or shared with government agencies. Defendant's reliance on a media article that draws from public sources, rather than

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

confidential discovery is telling. Its concern appears not with privacy, but with avoiding reputational scrutiny. Courts have repeatedly rejected attempts to use protective orders as "gag orders" on whistleblowers or civil rights plaintiffs. *See* Kamakana v. City & Cty. Of Honolulu, 447 F.3d 1172, 1182 (9th Cir. 2006).

### D. Plaintiff's Modifications Track the Federal Rules and Precedent Closely

Plaintiff's proposed language aligns with Rule 26(c), *Foltz*, and other applicable authority by ensuring that any confidentiality designation must be supported by particularized facts. The revisions are narrowly tailored and do not prevent Defendant from seeking appropriate protections, only from imposing vague or overly broad restrictions without justification.

### III. CONCLUSION

Plaintiff respectfully requests that the Court deny Defendant's motion for protective order as drafted and instead enter Plaintiff's proposed edited version, attached hereto as Exhibit 1, which reflects redline revisions to Defendant's draft and adheres to the requirements of Rule 26(c), avoids improper overdesignation, and appropriately balances the need for confidentiality with the public's right to know. Defendant has not shown good cause for a sweeping protective order that risks concealing discriminatory conduct, retaliatory practices, or information already in the public domain.

Alternatively, Plaintiff remains willing to meet and confer further to reach an agreement on a narrowly tailored order that protects legitimate privacy interests without undermining transparency or shielding misconduct.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Dated May 8, 2025.

        **IBF LAW GROUP, PLLC**

        By: */s/ Sheree D. Wright*
        3101 N. Central Ave, Suite 1250
        Phoenix, Arizona 85012
        Telephone: (602) 833-1110
        Facsimile: (602) 800-5701
        e-Mail: sheree@ibflaw.com

        **THE LAW OFFICE OF**
        **CORTNEY E. WALTERS, PLLC**

        Cortney E. Walters
        By: */s/ Cortney E. Walters*
        2719 Hollywood Blvd., Suite A-1969
        Hollywood, FL 33020
        Telephone: (954) 874-8022
        Facsimile: (954) 889-3747
        cwalters@cewlawoffice.com

        *Attorneys for Plaintiff(s)*