Eric Amdursky (*pro hac vice*)
Damali A. Taylor (*pro hac vice*)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025-7019
Telephone: (650) 473-2600
eamdursky@omm.com
dtaylor@omm.com

Leah S. Freed, SBN 021332
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: (602) 778-3700
Facsimile: (602) 778-3750
Leah.freed@ogletree.com

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Andrea Trischan,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Suns Legacy Partners, L.L.C.,<br><br>　　　　　　Defendant. | No. 2:24-cv-03184-SHD<br><br>**REPLY IN SUPPORT OF DEFENDANT SUNS LEGACY PARTNERS, L.L.C.'S MOTION FOR ENTRY OF PROTECTIVE ORDER** |

I. INTRODUCTION

As explained in its Motion, Defendant anticipates that it will produce confidential and proprietary business information in this litigation, including employment records for other employees and applicants who are not parties and have a reasonable expectation of privacy over such records and personal information. Plaintiff does not dispute Defendant's legitimate interest in protecting that confidential information and, thus, does not object to the Court's entry of an appropriate protective order in this case. Nor does Plaintiff contest any of the few changes that Defendant made to the Court's standard form. To the contrary, Plaintiff has accepted each one of Defendant's reasonable revisions.

The only open issue is Plaintiff's wholesale rewrite of portions of the Court's standard protective order. Plaintiff claims, without basis, that these revisions are "necessary" to address her unsupported concerns over misuse of the protective order, to ensure compliance with the Federal Rules of Civil Procedure, and to permit public access to litigation materials. As described in the Motion and further below, none of Plaintiff's concerns are well founded and none of her changes should be adopted. They are not only unnecessary, but would also serve to disrupt—rather than facilitate—discovery between the parties.

II. **PLAINTIFF'S PURPORTED CONCERNS ABOUT MISUSE OF THE PROTECTIVE ORDER ARE UNFOUNDED, PREMATURE, AND ALREADY ADDRESSED IN THE COURT'S STANDARD FORM.**

The parties only recently commenced discovery in this case, are still in the process of meeting and conferring over the scope of their respective productions, and have exchanged just a handful of documents to date—none of which have been designated confidential or highly confidential. Accordingly, Plaintiff's claims that her proposed revisions are needed in order to "prevent misuse of the protective order" and "promote clarity and fairness" (Response, Doc. 35 at 3) are unfounded, premature, and entirely speculative.

There is nothing unusual or exceptional about this case that warrants deviation from the Court's already robust protective order, which contains several mechanisms to prevent and address potential misuse, thereby obviating the need for Plaintiff's proposed changes. For example, Paragraph 1 of the Proposed Protective Order, permits a party to designate information as confidential only upon a "good-faith belief" that "the unrestricted disclosure of such information could be harmful to the business or operations of such party, or if the information is subject to the party's or subject's reasonable expectation of privacy or confidentiality under" applicable law. (Doc. 34-1 ¶ 1(a)). A good-faith belief means that the designating party has a reasonable and genuine belief that the designated material meets the criteria for confidentiality. This good-faith requirement effectively precludes a party from indiscriminately designating information as confidential based purely on "convenience" or the desire to "unilaterally restrict the dissemination of discovery materials"—as Plaintiff appears to suggest. (Response, Doc. 35 at 3). For that reason, courts have adopted the good-faith requirement and found it to be sufficient for purposes of discovery. *See, e.g.*, *Parra v. Bashas' Inc.*, 2003 WL 25781408, at *1 (D. Ariz. Oct. 6, 2003) (approving defendant's proposed protective order, which gave the parties "discretion to designate the items that shall be considered confidential, subject only to their duty to designate in good faith").

Furthermore, to the extent a party contends that certain information was improperly designated as confidential, it has the right to object to the designation "[a]t any stage of these proceedings" under Paragraph 11 of the Proposed Protective Order. (Doc. 34-1 ¶ 11). That procedure allows the parties to police—and the Court to decide—the appropriateness and validity of their confidentiality designations, including whether there has been any misuse of the protective order. These and other provisions are sufficient to protect the parties' respective interests, and serve to balance the public's right of access to litigation materials.

It is telling that Plaintiff has not addressed how any of the specific revisions that she urges the Court to adopt will serve to *better* protect the parties from theoretical misuse of

the protective order. Nor could she. As Defendant has explained, Plaintiff's proposed revisions—including the burdensome requirement that the producing party preemptively justify each and every confidentiality designation *before* production and *before* a receiving party objects—are unworkable, inefficient, and would impede the timely exchange of necessary discovery. *See* Motion at 2-3; *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-36 (1984) (explaining that discovery "has a significant potential for abuse" and holding that "[t]he unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders").

### III. DEFENDANT'S PROPOSED PROTECTIVE ORDER—AND THE COURT'S STANDARD FORM—DO NOT OPERATE AS "GAG" ORDERS OR OTHERWISE CONFLICT WITH APPLICABLE LAW

Plaintiff also claims that her proposed revisions are needed to prevent a purported risk that relevant information will somehow be "conceal[ed]." (Response, Doc. 35 at 4). She even makes the extraordinary suggestion that the Court's standard form, which Defendant's have adopted in the Proposed Protective Order, operates as a "gag order." (Response, Doc. 35 at 4). But this purported concern is groundless, since Plaintiff and/or her counsel would have the right to view and obtain copies of any confidential information produced in the case under the Proposed Protective Order; there can be no genuine concern about relevant information being withheld from them. *See, e.g.*, Doc. 34-1 ¶ 5 ("Information designated 'HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY' may be viewed only by . . . Counsel . . . of the receiving party . . . ."); *id.* ¶ 7 ("Information designated 'CONFIDENTIAL' may be viewed only by the individuals listed in paragraph 5, above, and by . . . Party principals or executives . . . .").

Plaintiff's inflammatory suggestion that the Proposed Protective Order conflicts with the public's right to view litigation materials is equally meritless. First, a party is always bound by the good-faith-belief requirement when it designates material as confidential. Moreover, as the Supreme Court has recognized, "[m]uch of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying

1  cause of action" and "[t]herefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Seattle Times Co.*, 467 U.S. at 33. Accordingly, protective orders are not facially invalid, as Plaintiff suggests, and her apparent call for unfettered public access to confidential information produced in discovery finds no support in law—particularly where that information has never been filed in connection with a motion or used to decide the merits of the case.

Nothing in *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) requires the Court to adopt Plaintiff's flawed revisions. That case involved whether non-parties could obtain access to unfiled discovery materials that the District Court had sealed after the parties entered into a settlement agreement to resolve their four-year dispute. *Foltz* had nothing to do with the parties' initial confidentiality designations made during discovery. *See Foltz*, 331 F.3d at 1131 ("Now that the Private Intervenors have challenged the contention that the unfiled discovery documents belong under seal, the district court must require State Farm to make an actual showing of good cause for their continuing protection under Federal Rule of Civil Procedure 26(c)."). The same is true of *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), which involved whether to unseal certain documents that had been attached to and filed with dispositive and non-dispositive motions. *Kamakana*, 447 F.3d at 1179-80 (applying "compelling reasons" standard to documents attached to dispositive motions and "good cause" standard to documents attached to non-dispositive motions). Here, by contrast, the parties have yet to produce any confidential documents, let alone file them with a motion. Thus, *Kamakana* is inapposite. Of course, were the parties to file confidential documents with the Court and seek to seal them from public disclosure, the Protective Order would require the parties to meet the same legal standard set forth in *Kamakana*. *See* Doc. 34-1 ¶ 9 (requiring the parties to demonstrate compelling reasons "where the motion or document is more than tangentially related to the merits of the case" and good cause "for other motions or documents").

1  IV.    **CONCLUSION**

2      Based on the foregoing, Defendant respectfully requests that the Court enter the

3  Proposed Protective Order attached to Defendant's Motion (Doc. 34-1).

4      DATED this 15th Day of May, 2025.

                                    **O'MELVENY & MYERS LLP**

                                By:  */s/ Eric Amdursky*
                                    Eric Amdursky (*pro hac vice*)
                                    Damali A. Taylor (*pro hac vice*)
                                    2765 Sand Hill Road
                                    Menlo Park, CA 94025-7019
                                    Telephone: (650) 473-2600
                                    eamdursky@omm.com
                                    dtaylor@omm.com

                                    **OGLETREE, DEAKINS, NASH SMOAK & STEWART, P.C.**

                                    Leah S. Freed, SBN 021332
                                    Esplanade Center III, Suite 800
                                    2415 East Camelback Road
                                    Phoenix, AZ 85016
                                    Telephone: (602) 778-3700
                                    Facsimile: (602) 778-3750
                                    Leah.freed@ogletree.com

                                    *Attorneys for Defendant*