**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrea Trischan, | No. CV-24-03184-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Suns Legacy Partners LLC, | |
| Defendant. | |

Pending before the Court is Defendant Suns Legacy Partners, LLC ("Suns Legacy") Motion to Dismiss counts two, three, five, and seven of Plaintiff Andrea Trischan's First Amended Complaint ("FAC").[1] (Doc. 18.) For the reasons explained below, Suns Legacy's motion is **granted**.

I.   **FACTUAL BACKGROUND**

These facts are derived from the FAC, which are assumed true for purposes of this motion. In November 2021, "ESPN published an investigative article titled 'Allegations of Racism and Misogyny within the Phoenix Suns: Inside Robert Sarver's 17-Year Tenure as Owner.'" (Doc. 6 ¶ 14.) In response, Suns Legacy, which operates the Phoenix Suns basketball team, asserted it had a "commitment to racial diversity," but "many employees disputed this defense." (*Id.* ¶ 15.) The National Basketball Association ("NBA") then "mandated that [Suns Legacy] address its diversity and inclusion shortcomings," which

---

[1] Suns Legacy requested oral argument. (Doc. 18 at 1.) It is not necessary to hear further argument, and the ruling will be based solely on the papers. *See* LRCiv 7.2(f) (motions may be decided without oral argument).

"eventually lead[] to the creation of a Diversity, Equity, and Inclusion (DEI) leadership position." (*Id.* ¶ 17.) In 2022, Suns Legacy hired Trischan for this role. (*Id.* ¶ 18.)

"Upon joining the Suns, [Trischan] quickly observed challenges in executing her role effectively." (*Id.* ¶ 19.) For example, Kim Corbitt, a senior vice president and Trischan's direct supervisor, gave Trischan a list of individuals to serve on a diversity council. (*Id.*) But Trischan's colleagues expressed concern because certain executives on the list had "reputations for discriminatory or hostile behavior." (*Id.* ¶ 22.) Trischan's "concerns and investigations into these troubling practices were met with increasing hostility from management," including Corbitt. (*Id.* ¶ 29.)

During her time at SLP, Trischan had other issues involving Corbitt and another employee, Elizabeth Mariscal. (*Id.* ¶ 36, 41–42.) On one occasion, Trischan alleges, "Mariscal made a racially insensitive remark directed toward a group of Black employees . . . eating Chick-fil-A." (*Id.* ¶ 36.) Trischan reported this to Corbitt, but Corbitt dismissed Trischan's comments. (*Id.* ¶¶ 41–42.) On another occasion, Trischan alleges, Mariscal gave a Black intern a negative assessment, despite the intern's colleagues "consistently describ[ing] her as pleasant and easy to work with." (*Id.* ¶ 44.) Corbitt dismissed the concern when Trischan reported it. (*Id.*) Corbitt also "refused to assign [Trischan] to a different work partner" than Mariscal despite allegedly "knowing Mariscal harbored disdain for Black individuals." (*Id.* ¶ 86.)

In March 2023, Trischan organized a women's lunch event. (*Id.* ¶ 30.) "Despite receiving positive feedback" for the event, "Corbitt's demeanor changed abruptly the next day, accusing [Trischan] of 'acting aggressively' without substantiating these claims." (*Id.*) Then, during a May 2023 meeting, Trischan "noticed a distinct lack of unity" within the human resources team. (*Id.* ¶ 31.) "When she suggested a meeting to foster team cohesion," another employee "erupted" and accused Trischan of being "aggressive." (*Id.*)

Corbitt placed Trischan on administrative leave, then enforced a "Performance Improvement Plan . . . as a pretext for termination, despite previously acknowledging that the incident had been 'blown out of proportion.'" (*Id.* ¶ 32.) Corbitt ultimately terminated

Trischan, citing "vague accusations about her performance" and "failure to 'create an inclusive culture.'" (*Id.* ¶ 33.)

After Trischan's termination, she "filed discrimination complaints with the U.S. Equal Employment Opportunity Commission ["EEOC"] and the Arizona Attorney General's Office in July and August 2023." (*Id.* ¶ 34.) The EEOC issued a Notice of Right to Sue letter on November 15, 2024. (*Id.* ¶ 6.)

## II.   PROCEDURAL HISTORY

On November 14, 2024, Trischan filed her Complaint asserting claims under 42 U.S.C. § 1981 for retaliation (Count One) and the Arizona Civil Rights Act ("ACRA") for discrimination (Counts Two and Three). (Doc. 1.) On November 27, 2024, Trischan filed her FAC, adding claims under Title VII of the Civil Rights Act of 1964 (Count Four), and for negligent infliction of emotional distress ("NIED") (Count Five), intentional infliction of emotional distress ("IIED") (Count Six), and negligent hiring, retention, and supervision ("negligent hiring") (Count Seven). (Doc. 6.)

Suns Legacy now moves to dismiss Counts Two, Three, Five and Seven of the FAC: the ACRA claims, the NIED claim, and the negligent hiring claim. (Doc. 18.) Trischan filed a response on January 24, 2025, (Doc. 20), and Suns Legacy filed a reply on January 31, 2025, (Doc. 21).

## III.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true" and construed in a light most favorable to the plaintiff, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). A claim is plausible if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In making this determination, the Court does not accept legal conclusions as true, nor does the Court consider "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*; *see also id.* ("Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." (alteration in

original) (quotation marks omitted)). That said, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need *detailed* factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added). A "well-pleaded complaint may proceed even if" actual proof of those facts "is improbable[] and . . . a recovery is very remote and unlikely." *Id.* at 556 (quotation marks omitted).

**IV.    DISCUSSION**

Suns Legacy brings two challenges to Trischan's complaint: first, that Trischan's ACRA claims (counts two and three) are barred by the statute of limitations, and second, that Trischan's negligence claims (counts five and seven) are barred by the exclusive remedies provision of Arizona's workers' compensation statute. (Doc. 18 at 4, 7.) Each argument will be addressed in turn.

    **A.    Timeliness of the ACRA Claims**

"When a district court sits in diversity, or hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims." *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011). State substantive law includes the state statute of limitations. *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011). "Federal courts must [also] abide by a state's tolling rules, which are integrally related to statutes of limitations." *Id.* Under the ACRA, "[i]n no event shall any action be brought pursuant to this article more than one year after the charge to which the action relates has been filed." Ariz. Rev. Stat. § 41-1481(D).

        **1.    Judicial Admission**

The parties dispute when Trischan filed charges with the EEOC and the Arizona Civil Rights Division ("Division"), and thus, when the one-year limitations period began to run. Trischan's FAC alleges that she filed charges in July and August 2023, (Doc. 6 at 8), in which case "the one-year statute of limitations expired, at the latest, at the end of August 2024," (Doc. 18 at 8). However, in her response to Suns Legacy's motion to dismiss, Trischan asserts that she filed charges with the EEOC and Division on November

13, 2023. (Doc. 20 at 9.) This later date would extend the limitations period to November 13, 2024, one day before Trischan filed her complaint in this court. (*Id.*) Trischan does not explain the discrepancy between her FAC and her response, so it is unclear whether she filed multiple charges with the EEOC and Division, whether the FAC's allegations are incorrect, or whether some other explanation exists. (*See id.* at 9–13.)

"Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). When a conflict arises between statements made in the parties' briefing and allegations in the complaint, the complaint controls. *Cf. Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 470 n.6 (2013) (holding that defendant was bound by concessions made in answer despite new arguments in briefing). And while a party may correct an "ostensible judicial admission" by "explain[ing] the error in a subsequent pleading," *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859–60 (9th Cir. 1995), Trischan offers no explanation for the contradiction between her FAC and Response. Thus, for purposes of this order, the operative filing dates with the EEOC and Division are July and August of 2023 and to preserve her claim, Trischan had to file her complaint sometime before the end of August 2024. *See* Ariz. Rev. Stat. § 41-1481(D). Because Trischan did not file her complaint until November 2024—three months after the August deadline—her ACRA claims are untimely.

**2.  Equitable Tolling**

Trischan next argues that the statute of limitations may be equitably tolled because (1) she reasonably relied on a Right to Sue Notice she received from the EEOC that indicated the deadline to file was November 13, 2024, and (2) her complaint—filed on November 14, 2024—was only one day late because of a technical error with the court's filing system. (Doc. 20 at 9–13.)

Arizona courts have not addressed whether equitable tolling applies to the ACRA's one-year statute of limitations. They have, however, applied equitable tolling to a different limitations period in the statute: the 90-day filing deadline, which is triggered upon receipt

of the right to sue notice.[2]  *See Kyles v. Contractors/Eng'rs Supply, Inc.*, 949 P.2d 63, 65–67 (Ariz. Ct. App. 1997).  Unlike the 90-day deadline, the one-year statute of limitations specifies that "*[i]n no event* shall any action be brought . . . more than one year after" filing charges with the EEOC and Division.  Ariz. Rev. Stat. § 41-1481(D) (emphasis added).  Such absolute language may indicate that no circumstance, equitable or otherwise, tolls the one-year limitations period.  *See Enriquez v. Gemini Motor Transport LP*, 2021 WL 5908208, at *6 (D. Ariz. 2021) (noting that "the statutory language seems to foreclose [equitable tolling]").  *But see McCloud v. Ariz. Dep't of Pub. Safety*, 170 P.3d 691, 696 (Ariz. Ct. App. 2007) (quoting *Young v. United States*, 535 U.S. 43, 49 (2002) for the assertion that "limitations periods are customarily subject to equitable tolling" (quotation marks omitted)).

It is not necessary to decide whether equitable tolling applies to ACRA's one-year limitations period because even if it does, Trischan's claim fails. Trischan's primary argument—that she relied on a misleading Right to Sue Notice—is undermined by a critical fact: she received the Right to Sue Notice after she decided to file this action.  (Doc. 20 at 13) (acknowledging that Trischan received the Right to Sue Notice on November 15, two days after she first attempted to file her complaint).  In making her decision to file, Trischan could not have "reasonably relied" on or been misled by a document she did not have.  The Right to Sue Notice does not support equitable tolling.[3]

Trischan's remaining arguments are premised on the assumption that the filing deadline was November 13, 2024.  (Doc. 20 at 9–13.)  She argues that the November 13 deadline should be tolled one day, to November 14, because she attempted to file on the 13th, but due to a technical error the court only received her filing fee, not her filing documents.  *Id.*  Trischan asserts that she was diligent in discovering and fixing this error, responding within two hours when the court notified her of the deficiency, and that the

---

[2] Due to an amendment in 2021, the statute no longer includes the 90-day filing deadline.  *See* Ariz. Rev. Stat. § 41-1481(D) (2021).

[3] Trischan cites to a November 2024 Right to Sue Notice as "Exhibit 1" but did not attach it.  (*See* Doc. 20 at 9.)

- 6 -

court should therefore toll the deadline. *Id.*

Trischan's explanation for the delay from November 13th to 14th may be well taken. But the period Trischan must account for is the three-month delay between August 2024 (the deadline for filing based on her allegations) and November 2024 (when her complaint was filed). Absent a showing "(1) that [Trischan] . . . pursu[ed] [her] rights diligently," during this period and "(2) that some extraordinary circumstance stood in [her] way," Trishan is not entitled to equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted).

As alleged, Trischan's ACRA claims are untimely and she has not demonstrated that the limitations period should be equitably tolled. Accordingly, Claims Two and Three are dismissed with leave to amend. Trischan may, if she has a basis to do so under rule 11, correct the FAC's allegation that she filed charges with the EEOC and Division in July and August of 2023 if the allegation is indeed an error. *See Sicor*, 51 F.3d at 859–60; *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007) (holding that "there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations" but noting that Rule 11 still serves as a basis to "deal[] . . . with bad faith conduct").

### B.     Negligence Claims

Suns Legacy next argues that Trischan's state-law claims for negligent hiring and NIED are barred because "in the employment context, workers' compensation is the exclusive remedy for allegations of negligence." (Doc. 18 at 6–7.) "It is well settled that work-related injury claims are generally redressed exclusively under Arizona's workers' compensation scheme." *Gamez v. Brush Wellman, Inc.*, 34 P.3d 375, 378 (Ariz. Ct. App. 2001). As such, to defeat the preemptive effect of Arizona's workers' compensation scheme, Trischan must show that her negligence claims are exempted from its reach.

#### 1.     Willful Misconduct Exception

Under the "exclusive remedy" provision of Arizona's worker compensation statutes, an employee may not "maintain an action at law for damages" against their employer unless

their "injury is caused by the employer's wilful misconduct." Ariz. Rev. Stat. § 23-1022(A). "Wilful misconduct . . . means an act done knowingly and purposely with the direct object of injuring another." *Id.* § 23-1022(B). "Gross negligence is not sufficient to establish wilful misconduct under § 23-1022." *Gamez*, 34 P.3d at 378. Nor does "wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence" qualify. *Id.* (citation omitted); *see also Serna v. Statewide Contractors*, 429 P.2d 504, 508 (Ariz. Ct. App. 1967) (holding that willful misconduct requires "deliberate intention as distinguished from some kind of intention presumed from gross negligence"). In short, an employer's negligence, no matter its severity, cannot establish willful misconduct.

As a result, Arizona's workers' compensation scheme does not preclude intentional tort claims, but it does preclude claims predicated on an employer's negligence. *Mosakowski v. PSS World Med., Inc.*, 329 F. Supp. 2d. 1112, 1130–31 (D. Ariz. 2003); *compare Ford v. Revlon, Inc.*, 734 P.2d 580, 586 (Ariz. 1987) (holding that employee's intentional infliction of emotional distress claim was not barred by Arizona's workers' compensation scheme), *with Irvin Invs., Inc. v. Super. Ct.*, 800 P.2d 979, 980, 982 (Ariz. Ct. App. 1990) (directing employee's negligent hiring, retention, and supervision claim to be dismissed because it was covered by the workers' compensation statute).

This conclusion is necessary given the nature of a negligence claim. The "fundamental distinction between negligence and an intentional tort is whether the consequences of the act or omission are unintentional or intentional." *Ryan v. Napier*, 425 P.3d 230, 235 (Ariz. 2018). As a result, "negligence and intent are mutually exclusive grounds for liability." *Id.* at 236. Trischan's argument that Suns Legacy's alleged intentional misconduct allows her negligence claims to proceed cannot be reconciled. After all, "[a] finding of negligence necessarily includes a finding that the act was not intentional," *Globe Indem. Co. v. Blomfield*, 562 P.2d 1372, 1374 (Ariz. Ct. App. 1977), and an unintentional act cannot support a finding of willful misconduct under section 23-1022(A), *see Gamez*, 34 P.3d at 378. Trischan's negligence claims therefore do not qualify for the willful misconduct exception.

### 2. Compensation for Mental Injuries

Trischan briefly argues that her NIED claim can proceed under § 23-1043.01(B), which specifies that certain mental injuries are compensable through workers' compensation. (Doc. 20 at 15) (arguing that Trischan's mental injuries resulting from Suns Legacy's NIED are not covered by workers' compensation because Suns Legacy intended to cause her harm). But this argument suffers from the same defect as her arguments under the willful misconduct exception—that is, it assumes that Suns Legacy's conduct was intentional, not negligent. (*See id.* at 15.); *see also Ryan*, 425 P.3d at 235–36 ("Any given act may be intentional or it may be negligent, but it cannot be both.").

Arizona's workers' compensation scheme is the "exclusive remedy" for Trischan's negligent hiring and NIED claims. *See* Ariz. Rev. Stat. § 23-1022(A). Suns Legacy's motion to dismiss is therefore granted. *See Brandon v. Liddy*, 2012 WL 4052372, at *7 (D. Ariz. 2012) ("Ultimately, because plaintiff is seeking to hold defendants liable on account of their *negligence*, her claim for negligent supervision does not fall under the wilful misconduct exception and fails as a matter of law."); *Fox v. Arizona*, 2023 WL 4315221, at *9 (D. Ariz. 2023) (dismissing a plaintiff's negligent hiring claim because "Plaintiff's claim is based on the negligence of her statutory employer" and was therefore barred by the exclusive remedies provision (citation omitted)); *Soto v. LHM Corp.*, 2017 WL 11438581, at *4 (D. Ariz. 2017) (dismissing a plaintiff's NIED claim with prejudice because "courts have repeatedly determined that negligence claims by employees against their current or former employers are precluded by" the exclusive remedies provision). Because Trischan's negligence claims are barred as a matter of law, leave to amend would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

Accordingly,

**IT IS ORDERED** that Suns Legacy's partial motion to dismiss the FAC (Doc. 18) is granted as follows:

    (1)    Counts Two and Three (ACRA) are dismissed with leave to amend;

    (2)    Count Five (NIED) is dismissed without leave to amend; and

- 9 -

1   (3)   Count Seven (Negligent Hiring, Retention, and Supervision) is dismissed without leave to amend.

**IT IS FURTHER ORDERED** that Trischan may file a Second Amended Complaint ("SAC") within **14 days** of this Order.  Consistent with LRCiv 15.1, Trischan shall file, concurrently with any SAC, a notice of filing the amended pleading that attaches a copy of the amended pleading indicating in what ways it differs from the Complaint.

Dated this 22nd day of September, 2025.

_____
Honorable Sharad H. Desai
United States District Judge