**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Andrea Trischan,

        Plaintiff,

v.

Suns Legacy Partners LLC,

        Defendant.

No. CV-24-03184-PHX-SHD

**ORDER**

At issue is Defendant Suns Legacy Partners, LLC's ("Suns Legacy") Motion to Dismiss Counts Two and Three of Plaintiff Andrea Trischan's Second Amended Complaint ("SAC"). (Doc. 51.) For the following reasons, Suns Legacy's motion will be **granted**.[1]

## I.    BACKGROUND

Trischan alleges that, while employed with Suns Legacy, she was discriminated against because of her race.[2] (Doc. 48 at ¶ 1.) Counts Two and Three of her SAC—the only counts at issue here—assert discrimination and retaliation claims under the Arizona Civil Rights Act ("ACRA"). (*Id.* at 22–23.)[3] Suns Legacy moves to dismiss both claims

---

[1]    Suns Legacy's request for oral argument, (Docs. 51, 58), is denied because the motion is fully briefed and oral argument is not necessary. *See* LRCiv 7.2(f).

[2]    The underlying allegations are summarized in the order granting Suns Legacy's first Motion to Dismiss. (*See* Doc. 45.)

[3]    Trischan repeats paragraph numbers in her SAC. I cite to SAC's page numbers and

as time barred.  (Doc. 51.)  Under the ACRA, a claimant has one year from the date she files an employment discrimination charge ("charge") with the Arizona Civil Rights Division ("Division") to bring suit.  *See* Ariz. Rev. Stat. § 41-1481(D).

Trischan alleges that she "submitted discrimination complaints with the U.S. Equal Employment Opportunity Commission (EEOC) and the Arizona Attorney General's Office [Division] in July and August 2023," and that her complaint "was officially filed as a charge [with the Division], upon completion of intake and notarization, on November 13, 2023."  (Doc. 48 at ¶ 35.)  The Division's Notice of Right to Sue, which Trischan attached to her Second Amended Complaint ("SAC"), states that "[o]n November 13, 2023, [Trischan] filed a Charge of Discrimination ('Charge') with the Division of Civil Rights Section ('Division') alleging employment discrimination," and that "Arizona law requires that [Trischan] file [her] lawsuit . . . no later than one year after the date on which [she] filed [her] charge with the Division."  (Doc. 48-1 at 2.)

Trischan filed her original complaint, asserting the two ACRA claims, on November 14, 2024.  (Doc. 1.)  Although she "paid the filing fee and attempted to open the case" one day before—November 13, 2024—her complaint was not received or processed by the Clerk's Office until the next day "due to a clerical or technical issue."  (Doc. 54 at 9.)  Trischan later amended her complaint, re-alleging her ACRA claims and adding claims under Title VII of the Civil Rights Act and Arizona state law.  (Doc. 6.)

This is Suns Legacy's second attempt to dismiss Trischan's ACRA claims.  I previously dismissed her ACRA claims as untimely because her First Amended Complaint ("FAC") alleged that she filed her charges in July and August 2023, rendering her November 2024 complaint three months overdue.  (Doc. 45 at 4–5.)  Because Trischan's briefing indicated that her charge was actually filed on November 13, 2023, I granted her leave to amend to clarify when she filed her charge.  (*Id.* at 7, 9.)

Trischan timely filed her SAC on October 2, 2025.  (Doc. 48.)  Relevant here, it differs from the FAC in three respects: first, it alleges that she "submitted [] complaints"

_____

not the paragraph numbers, where paragraph numbers would cause confusion.

in July and August 2023, rather than "filed [] complaints" (*compare* Doc. 6 at ¶ 34 *with* Doc. 48 at ¶ 35); second, it adds the allegation that her charge "was officially filed" with the Division "on November 13, 2023," (Doc. 48 at ¶ 35); and finally, it attaches the Division's Notice of Right to Sue, which states her charge was filed on November 13, 2023, (Doc. 48-1). Trischan did not attach the July and August 2023 complaints, and they are not in the record before me.

Suns Legacy again moved to dismiss Trischan's ACRA claims on October 16, 2025, arguing that despite Trischan's amendments, her ACRA claims remain untimely. (Doc. 51.) The motion is fully briefed. (Docs. 54, 58.)

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true" and construed in a light most favorable to the plaintiff, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Courts may dismiss a claim "on statute of limitations grounds only if, accepting all well-pled facts in the complaint as true, 'it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *United States v. Page*, 116 F.4th 882, 826 (9th Cir. 2024) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995)).

"When a district court sits in diversity, or hears state law claims based on supplemental jurisdiction, the court applies state substantive law." *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011). State substantive law includes the "state's tolling rules [and] . . . statutes of limitations." *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011). The Arizona Supreme Court has found "federal Title VII case law persuasive in the interpretation of [the ACRA]" because the latter "is modeled after and generally identical to [Title VII]." *Higdon v. Evergreen Int'l Airlines, Inc.*, 673 P.2d 907, 909 n.3 (Ariz. 1983).

## III.    DISCUSSION

To determine whether Trischan's ACRA claims are time barred, I must first

determine when she filed her charge with the Division, taking the allegations in the SAC as true and based on the record before me.  Then, I address whether Trischan is entitled to equitable tolling.

### A.    Trischan's Administrative Charge

Before litigating an ACRA claim in federal court, a charging party must file a charge of discrimination with the Division.  *See* Ariz. Rev. Stat. §§ 41-1481(A), (D).  "A charge is deemed filed on receipt by the division," *id.* § 41-1481(A), which occurs "when the Division receives from the Charging Party a written statement sufficiently precise to identify the parties and to describe generally the unlawful action or practice," Ariz. Admin. Code § R10-3-203(B).  Before a charge is filed, a claimant may communicate with the Division, fill out intake forms, or make "informal complaints" that do not amount to a formal charge.  *See e.g.*, *Simpson v. Mark E. Hall PC.*, 2025 WL 2531550, at *3 (D. Ariz. Sep. 3, 2025) ("A 'charge' and pre-charge 'information' (or inquiry) are separate documents"); *see also Sommatino v. United States*, 255 F.3d 704, 709–10 (9th Cir. 2001) (concluding that a plaintiff's emails and phone calls with an EEO coordinator did not constitute a formal charge), *abrogated on other grounds by Fort Bend Cnty. v. Davis*, 587 U.S. 541 (2019).

The Division's Notice of Right to Sue "documents the date charges were filed with the [Division]."  *Jones v. Sage Client 327 LLC*, 2012 WL 13104896, at *2 (D. Ariz. Sep. 20, 2012).  Its purpose is to inform a claimant that she has a right to bring suit, and the time in which she must do so.  *See* Ariz. Rev. Stat. § 41-1481(D) (requiring the Division to provide notice of a claimant's right to sue).

Trischan attached the Division's Notice of Right to Sue to her SAC.  (Doc. 48-1.) It states that she filed her charge on November 13, 2023.  (*Id.* at 2 ("DIVISION FILING DATE: November 13, 2023"); *see also id.* ("On November 13, 2023 you filed a Charge of Discrimination . . . with the Division . . . alleging employment discrimination.").)  This letter is an official statement from the Division of Trischan's charge-filing date, and, at this

stage, is sufficient to establish that Trischan filed her charge on November 13, 2023.[4] *See Iqbal*, 556 U.S. at 678; *Page*, 116 F.4th at 826.

Trischan's allegation that she "submitted discrimination complaints," (Doc. 48 at ¶ 35), with the Division in July and August 2023, does not conflict with her allegation that her charge was filed on November 13, 2023. A claimant may have initial pre-charge communications with the Division before the filing of formal charges. *See e.g.*, *Simpson*, 2025 WL 2531550, at *3; *Sommatino v. United States*, 255 F.3d at 709–10. Construing the SAC in Trischan's favor, it is reasonable to infer that the "discrimination complaints" Trischan submitted in July and August 2023, were pre-charge communications, and that her charge was formally filed on November 13, 2023.

Citing Ariz. Admin. Code § R10-3-203(B), Suns Legacy argues that November 13, 2023, is merely an "amendment" date that "relate[s] back to" Trischan's "original submission filing date" of July and August 2023. (*See* Doc. 51 at 6–8.) To accept this argument, I would have to make two inferences that cut *against* Trischan: first, that the "discrimination complaints" submitted to the Division in July and August 2023, were "sufficiently precise to identify the parties and to describe generally the unlawful action or practice," such that they constituted a charge rather than preliminary intake communications, Ariz. Admin. Code § R10-3-203(B); and second, that the Division's Notice of Right to Sue states an incorrect filing date, or reflects an "amendment date" rather than a filing date, despite its explicit statement that Trischan filed her charge on November 13, 2023, (Doc. 48-2 at 2). Neither inference is appropriate at this stage. *See Page*, 116 F.4th at 826. I therefore find, for purposes of resolving Suns Legacy's motion to dismiss brought under Rule 12(b)(6), that Trischan filed her charge on November 13, 2023.[5]

---

[4] Trischan attached a form titled "Employment Charge of Discrimination" to her Response. (Doc. 54-1 at 2.) This document further supports the inference that her charge was filed on November 13, 2023, as it was signed by Trischan and received by the division on that date. (*Id.*)

[5] Suns Legacy contends that Trischan's repetition of the "July and August 2023" allegation is a "conclusively binding" judicial admission that fixes her filing date in that

### B. Equitable Tolling

Trischan concedes that her complaint was filed on November 14, 2024, one day after the expiration of the one-year limitations period. (*See* Doc. 54 at 4 ("[Trischan] filed her Complaint on November 14, 2024, within one day of that statutory deadline.").) She argues, however, that the deadline should be equitably tolled because she was diligent in correcting the administrative errors that caused its tardiness. (*See id.* at 4, 7–9.) Before addressing the merits of Trischan's equitable tolling argument, I decide whether the ACRA's limitations period may be equitably tolled.

Equitable tolling is a judicial remedy that can be barred by the legislature. *See e.g.*, *Arellano v. McDonough*, 598 U.S. 1, 7 n.1 (2023); *see also Cox v. Ponce in & for Cnty. of Maricopa*, 491 P.3d 1109, 1113–14 (Ariz. 2021). When the legislature bars equitable tolling, such statutes are generally called statutes of repose. *See Albano v. Shea Homes Ltd. P'ship*, 254 P.3d 360, 366 (Ariz. 2011). A statute of repose, in contrast to a statute of limitations, "is intended to establish a limit beyond which no suit may be pursued, and sets a period of time within which claims must be brought regardless of when the cause of action may accrue." *Id.* (quotation marks omitted). And while "equitable principles may provide relief . . . from deadlines imposed by statutes of limitations," they may not provide relief from deadlines imposed by statutes of repose. *See Cox*, 491 P.3d at 1112–13 (citing *CTS Corp. v. Waldburger*, 573 U.S. 1, 9 (2014)).

"It is hornbook law that limitations periods are customarily subject to equitable tolling," but courts may not toll the statute's limitation's period if such "tolling would be inconsistent with the text of the relevant statute." *Young v. United States*, 535 U.S. 43, 49 (2002) (citation modified). To determine whether a statute permits equitable tolling, courts

---

window. (Doc. 51 at 6 (quoting *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)).) But a party may correct or clarify an ostensible admission in a subsequent pleading, *see Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859–60 (9th Cir. 1995), and I granted Trischan leave to do so, (Doc. 45 at 7, 9). Trischan's SAC distinguishes her preliminary "submissions" from the Division's formal filing of her charge and attaches documentary support for the latter. (Doc. 48-1 at 2.) A clarifying amendment that refines a prior allegation is not a binding admission. *Sicor Ltd.*, 51 F.3d at 859–60.

apply the canons of statutory construction.  *See Cox*, 491 P.3d at 1112–14 (analyzing the plain language of a statute to determine whether to apply equitable tolling).  Thus, I must "begin[] with the statutory text, and end[] there as well if the text is unambiguous." *Steinle v. City and Cnty. of S.F.*, 919 F.3d 1154, 1164 (9th Cir. 2019) (quotation marks omitted); *see also Kent K. v. Bobby M.*, 110 P.3d 1013, 1017 (Ariz. 2005) ("When a statute is clear and unambiguous, [courts] apply its plain language and need not engage in any other means of statutory interpretation.").  Courts "presume that the legislature says in a statute what it means and means in a statute what it says there." *Steinle*, 919 F.3d at 1164 (quotation marks omitted).

The ACRA states that "[i]n no event shall any action be brought pursuant to this article more than one year after the charge to which the action relates has been filed." Ariz. Rev. Stat. § 41-1481(D).  Arizona state courts have not addressed whether equitable tolling applies to this one-year limitations period.  *See Enriquez v. Gemini Motor Transp. LP*, 2021 WL 5908208, at *6 (D. Ariz. Dec. 14, 2021).  But several courts in this District have indicated that the ACRA's "in no event" language likely forecloses equitable tolling.[6] *See Cohen v. Ariz. State Univ.*, 2022 WL 1747776, at *4 (D. Ariz. May 31, 2022) (explaining that the ACRA's use of "in no event" "appears to foreclose any tolling"); *Enriquez*, 2021 WL 5908208, at *6–7 (same); *see also Wood v. Univ. Physicians Healthcare*, 2014 WL 3721207, at *14 (D. Ariz. July 28, 2014) (holding that a plaintiff's claims "would still be untimely" even if the court "generously allowed equitable tolling by departing from the strict interpretation of [the ACRA's] one-year statute of limitation").

The ACRA's terms are clear and unambiguous.  "In no event shall any action be brought" means what it says: that no circumstances, no matter how compelling, may toll the statute's limitations period.  *See Cal. Pub. Emps'. Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S.

---

[6]    Other courts in this District have found ACRA claims time-barred without addressing equitable tolling.  *See e.g.*, *McElmurry v. Ariz. Dep't of Agric.*, 2013 WL 2562525, at *3 (D. Ariz. June 11, 2013); *Strand v. John C. Lincoln Health Network, Inc.*, 2011 WL 1253408, at *2 (D. Ariz. Mar. 31, 2011).

497, 508 (2017) (holding that "in no event" in § 13 of the Securities Act of 1933 "supersedes the courts' residual authority and forecloses the extension of the statutory period based on equitable principles").  This absolute language marks the ACRA as a statute of repose.[7]  *See Albano*, 254 P.3d at 366 (holding that a statute stating that "no action . . . may be instituted . . . more than eight years after" was a statute of repose and precluded court-adopted tolling principles).  The ACRA's plain language therefore forecloses equitable tolling.  *See Steinle*, 919 F.3d at 1164; *see also Kent K.*, 110 P.3d at 1017.  To allow even a "clerical or technical issue" like that alleged by Trischan to toll the deadline would be "inconsistent with the text" of the ACRA.  *See Young*, 535 U.S. at 49.

Trischan's argument to the contrary is conclusory and relies on authority I have already disregarded as inapplicable.  (Doc. 54 at 7.)  She cites *Kyles v. Contractors/Eng'rs Supply, Inc.*, 949 P.2d 63 (Ariz. Ct. App. 1997), for the proposition that "in no event" "does not . . . automatically render equitable tolling inapplicable in situations where the Plaintiff has been misled or delayed by official administrative processes."  *Id.*  As I previously explained, *Kyles* is distinguishable because it addressed the ACRA's 90-day deadline, which is not at issue here, and lacks "[s]uch absolute language" as found in the provision at issue.[8]  (Doc. 45 at 6.)

Because the ACRA does not permit equitable tolling, Trischan's ACRA claims are time-barred.  Trischan concedes that her complaint was filed one day late.  It is therefore "beyond doubt that [she] can prove no set of facts that would establish the timeliness of" her ACRA claims, *Page*, 116 F.4th at 826 (citation modified), and they will be dismissed with prejudice.

---

[7]    Interestingly, the Arizona Legislature has proposed an amendment to the ACRA that would replace the "in no event" language with "may not."  S.B. 1753, 57th Leg., 2d Reg. Sess. (Ariz. 2026).  Regardless, I decide this issue on the statute as written, enacted, and in force.

[8]    Because I find that the ACRA does not permit equitable tolling, I do not address Trischan's remaining arguments, which focus exclusively on why she believes she meets that doctrine's requirements.  (*See* Doc. 54 at 7–9 (arguing that her complaint was filed one day late because of an administrative error that Trischan worked diligently to correct).)

## IV.    CONCLUSION

Trischan filed charge with the Division on November 13, 2023, and her Complaint was filed one year and one day later, on November 14, 2024.  Because the ACRA's one-year limitations period forecloses equitable tolling, Trischan's ACRA claims fail as a matter of law.

Accordingly,

**IT IS ORDERED** granting Suns Legacy's Motion to Dismiss Counts Two and Three of the Second Amended Complaint. (Doc. 51.)  Counts Two and Three of Trischan's Second Amended Complaint, (Doc. 48), are dismissed with prejudice.

Dated this 30th day of July, 2026.

Honorable Sharad H. Desai
United States District Judge